IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00085-M

| | |
|---|---|
| LEVEL AT 401 LP, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) DEFENDANTS' MEMORANDUM IN<br>) SUPPORT OF THEIR JOINT MOTION |
| FIRST CO., EMERSON CLIMATE<br>TECHNOLOGIES, INC. and COPELAND<br>CORPORATION LLC, | ) TO STAY DISCOVERY<br>)<br>)<br>) |
| Defendants. | )<br>) |

Defendants First Co., Emerson Climate Technologies, Inc. and Copeland Corporation LLC file this memorandum of law in support of their joint motion to stay discovery.

## **PROCEDURAL HISTORY**

Plaintiff Level at 401 LP ("Level") initially filed this lawsuit in North Carolina state court on February 4, 2020. (D.E. 1-4.) On March 6, 2020, Defendants Emerson Climate Technologies, Inc. and Copeland Corporation LLC (collectively, "ECT/Copeland"), with First Co.'s consent, removed the case to federal court based upon diversity jurisdiction. (D.E. 1.)

Without obtaining any extensions of time, on March 13, 2020, Defendants First Co. and ECT/Copeland each filed motions to dismiss all claims on the pleadings with supporting memoranda of law. (D.E. 6, 7, 12, 13.) On March 16, 2020, First Co. filed an Amended Memorandum of Law in Support of Defendant First Co.'s Motion to Dismiss. (D.E. 15.)

On March 23, 2020, Level filed an unopposed motion for an extension of time for filing its responses to First Co.'s and ECT/Copeland's motions to dismiss until April 24, 2020, which would effectively grant Level with a full six weeks to file its response to ECT/Copeland's motion to dismiss. (D.E. 19.) On March 25, 2020, the Court granted Level's motion. (D.E. 20.)

1

After waiting the full six weeks, on April 24, 2020, Level filed its First Amended Complaint.  (D.E. 23.)  By Text Order on May 8, 2020, the Court ordered Defendants to file their responses by May 19, 2020.  In addition, the Court vacated its Discovery Order of March 15, 2020 (D.E. 14), and the parties' corresponding Rule 26 report filed on April 28, 2020 (D.E. 25).

Again without obtaining any extensions of time, on May 19, 2020, Defendants First Co. and ECT/Copeland filed motions to dismiss all claims in the First Amended Complaint on the pleadings with supporting memoranda of law.  (D.E. 29, 30, 31, 32.)  Also on May 19, 2020, the Clerk of Court generated a new Order on Discovery.  (D.E. 33.)  Level filed its opposition briefs on June 9, 2020 (D.E. 34, 35), and Defendants filed replies on June 23, 2020.  (D.E. 37, 38.)

On June 17, 2020, the parties filed a second Rule 26 report.  (D.E. 36.)  On June 19, 2020, this Court ordered that any party seeking to stay discovery until the Court rules on the pending Rule 12 motions must so move under Federal Rule of Civil Procedure 26(c) by June 26, 2020.  By this motion, Defendants jointly seek a stay of discovery pending the Court's resolution of their dispositive motions.

## **ARGUMENT**

District courts have broad authority under Rule 26(c) to establish limitations on discovery.  *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).  A court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions.  *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed App'x 333 (4th Cir. 2004).  Courts in this District often stay discovery pending the resolution of dispositive motions that could terminate the case as to one or more defendants.  *See Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019) (granting discovery stay pending resolution of

dispositive motion); *Loney v. State Collection Serv.*, No. 7:13-CV-247-BR, 2014 WL 349480, at *3 (E.D.N.C. Jan. 31, 2014) (same); *Purvis v. Pitt Cty. Sch.*, No. 4:12-CV-00054, 2013 WL 3778950, at *1 (E.D.N.C. July 18, 2013); *McMillian v. N. Carolina Cent. Prison*, No. 5:10-CT-3037-FL, 2011 WL 4433816, at *1 (E.D.N.C. Sept. 22, 2011) (same); *Somie v. GEO Grp., Inc.*, No. 5:09-CT-3142-FL, 2011 WL 1831695, at *2 (E.D.N.C. May 12, 2011) (same).

When dispositive motions are pending, "[f]actors weighing in favor of a stay include 1) the potential for the dispositive motion to terminate all claims in the case or all claims against a defendant; 2) strong support on the merits for the dispositive motion; and 3) the irrelevancy of discovery to determining the dispositive motion." *Remy*, 2019 WL 7631113, at *2. These factors strongly favor a stay of discovery while the Court considers First Co.'s and ECT/Copeland's motions to dismiss.

First, the dispositive motions have the potential to terminate all claims against each defendant. While the claims against First Co. and ECT/Copeland somewhat differ, their respective dispositive motions seek the dismissal of all claims against them. (D.E. 29, 31.) When one or more parties may be dismissed, "a stay of discovery 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Loney*, 2014 WL 349480, at *2 (citation omitted).

Second, there is strong support on the merits for the dispositive motions. For example, Level's breach of warranty claim against First Co. depends upon the Limited Warranty that Level attached to its First Amended Complaint, and therefore can be decided as a matter of law.

In addition, both First Co. and ECT/Copeland seek dismissal of Level's negligence claims based on the economic loss rule, which presents a question of law that can be decided on a Rule 12(b)(6) motion. *See, e.g.*, *Ellis v. La.-Pac.*, 699 F.3d 778, 786 (4th Cir. 2012) (affirming

3

dismissal of negligence claim under Rule 12(b)(6) based upon the economic loss rule); *New Dunn Hotel, LLC v. K2M Design, LLC*, No. 5:20-CV-107-FL, 2020 WL 2575562, at *6 (E.D.N.C. May 21, 2020) (dismissing negligence claim under Rule 12(b)(6) based upon the economic loss rule); *Ferro v. Vol Vo Penta of the Americas, LLC*, No. 5:17-CV-194-BO, 2017 WL 3710071, at *5 (E.D.N.C. Aug. 28, 2017) (same), *aff'd sub nom. Ferro v. Volvo Penta of the Americas, LLC*, 731 F. App'x 208 (4th Cir. 2018); *Kelly v. Ga.-Pac. LLC*, 671 F. Supp. 2d 785, 796 (E.D.N.C. 2009) (same).

Moreover, Level has already filed an amended complaint in an effort to "fix" its pleading deficiencies, and the pending motions to dismiss are fully briefed. In other words, this is not a situation in which a plaintiff might moot the motions to dismiss by simply filing an amended complaint. Whether Level has sufficiently pleaded any duty, detrimental reliance or aggravating circumstances in support of its fraud and/or UDTPA claims can now be decided by the Court on the pleadings. *See, e.g.*, *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 195–98 (M.D.N.C. 1997) (dismissing fraudulent concealment claims under Rule 12(b)(6)).

Third, unlike a summary judgment motion, the pending motions to dismiss under Rule 12(b)(6) must be decided based upon the allegations in the First Amended Complaint, the Limited Warranty attached to the First Amended Complaint, and other documents incorporated by reference into the First Amended Complaint. Discovery is therefore not necessary for resolution of the pending dispositive motions under Rule 12(b)(6). *See Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (upholding stay of discovery pending Rule 12(b)(6) motion because such a motion accepts the truth of the allegations in the complaint).

Finally, a discovery stay would not affect the parties' obligations to preserve evidence, including the HVAC units at issue, the manner in which they are installed and operated on the

premises, and their current conditions. *See Biricik v. Zwifelhofer*, No. 7:14-CV-00067-BR, 2014 WL 12774812, at *1 (E.D.N.C. June 9, 2014) (discussing parties' obligations to preserve evidence during stay of discovery). For example, if Level decides to repair or replace any HVAC units as we move into the summer months and outdoor temperatures rise, Defendants will remain available to be work with plaintiff's counsel and their experts to document the manner in which the HVAC units are installed and the condition of any units that are repaired or replaced.

## CONCLUSION

Defendants have been diligent in presenting their motion to dismiss for consideration by the Court, and discovery should be stayed while the Court considers First Co.'s and ECT/Copeland's motions to dismiss.

The undersigned counsel certifies that there has been a good faith but unsuccessful effort to resolve this discovery dispute prior to filing this motion.

This 25th day of June, 2020.

| | |
|---|---|
| */s/ Rabee R. El-Jaouhari* <br> Richard T. Boyette  (N.C. Bar No. 7623) <br> rtb@cshlaw.com <br> Rabee R. El-Jaouhari (N.C. Bar No. 49184) <br> rjaouhari@cshlaw.com <br> CRANFILL SUMNER & HARTZOG LLP <br> Post Office Box 27808 <br> Raleigh, NC 27611 <br> Tel 919-828-5100/Fax 919-828-2277 <br><br> *Attorneys for Defendant First Co.* | /s/ James E. Breitenbucher <br> James E. Breitenbucher (Wash. Bar No. 27670) <br> jbreitenbucher@foxrothschild.com <br> Patrick D. McVey (Wash. Bar No. 8489) <br> pmcvey@foxrothschild.com <br> FOX ROTHSCHILD LLP <br> 1001 Fourth Avenue, Suite 4500 <br> Seattle, WA 98154 <br> Tel 206-624-3600/Fax 206-389-1708 <br><br> /s/ Mark A. Finkelstein <br> Mark A. Finkelstein (N.C. Bar No. 13187) <br> mfinkelstein@foxrothschild.com <br> FOX ROTHSCHILD LLP <br> 434 Fayetteville Street, Suite 2800 <br> Raleigh, NC 27601 <br> Tel 919-755-8700/Fax 919-755-8800 <br><br> *Attorneys for Defendants Emerson Climate Technologies, Inc. and Copeland Corporation LLC* |

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2020, I electronically filed the foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO STAY DISCOVERY with the Clerk of Court using the CM/ECF System, which will automatically send a notice of electronic filing to the following persons registered for ECF as of this date:

| | |
|---|---|
| Michael W. Knapp | Richard T. Boyette |
| Matthew S. DeAntonio | Robert El-Jaouhari |
| Bradley Arant Boult Cummings LLP | Cranfill Sumner & Hartzog LLP |
| 214 N. Tryon Street, Suite 3700 | 5420 Wade Park Blvd., Suite 300 |
| Charlotte, NC  28202 | Raleigh, NC  27611 |
| | |
| *Attorneys for Plaintiff Level at 401 LP* | *Attorneys for Defendant First Co.* |

This 25th day of June, 2020.

/s/ James E. Breitenbucher
James E. Breitenbucher (Wash. Bar No. 27670)
jbreitenbucher@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:   206-624-3600
Facsimile:    206-389-1708

*Attorneys for Defendants*
*Emerson Climate Technologies, Inc. and*
*Copeland Corporation LLC*